UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRIAN CAGE,
    Defendant-Petitioner,

-vs-                  Docket No. 00-330

UNITED STATES OF AMERICA,
    Plaintiff-Respondent.
_____/

**PETITION FOR REDUCTION OF SENTENCE PURSUANT
TO TITLE 18 U.S.C. § SECTION 3582(c)(2) OF THE
NOVEMBER 01, 2007 AMENDMENT (9) ENACTED BY
THE U.S. SENTENCE COMMISSION
REGARDING CRACK COCAINE/POWDER 100:1 DISPARITY
AND MADE EXPRESSLY RETROACTIVE ON DECEMBER 11, 2007**

---

Comes Now, Defendant-Petitioner, Brian Cage, (here-in after Petitioner) acting pro-se in the above styled and numbered caused with this his motion appropriately entitled: Petition For Reduction of Sentence Pursuant to Title 18 U.S.C. § Section 3582(c)(2) of the November 01, 2007 Amendment (9) Enacted by The U.S. Sentence Commission Regarding Crack Cocaine/Powder 100:1 Disparity And Made Expressly Retroactive on December 11, 2007". In support of the same Petitioner will show unto this Honorable Court the following facts to-wit as well as newly established case law from the U.S. Supreme Court as it relates to the crack cocaine/powder ratio and the authority of district courts to now imposed lower sentences....

TENDERED FOR FILING

JAN 3 1 2008

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

STANDARD OF REVIEW

ANALYSIS:

The decision to reduce a sentence pursuant to Title 18 U.S.C. § 3582(c)(2) is within the sound discretion of the district court. United States v. Whitebird, 55 F.3d 1007, 1009 (5th Cir. 1995) (citing United States v. Shaw, 30 F.3d 26, 28 (5th Cir. 1994). Title 18 U.S.C. § 3582(c) provides that unless certain limited circumstances exist, a court may not modify a term of imprisonment once imposed. Specifically, a **sentencing court** may reduce a term of imprisonment "based on a **sentencing** range that has subsequently been lowered by the **U.S. Sentencing Commission**...., if such a reduction is consistent with applicable policy statements issued by the **SENTENCING COMMISSION**, Title 18 U.S.C. § 3582(c)(2). The applicable policy statement is U.S.S. G. § 1B.1.10, entitled "Retroactivity of Amended Guideline Range (Policy Statement) which provides:

"Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an **amendment** to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). If none of the amendments listed in subsection (c)(2) applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized.

U.S.S.G. § 1B1.10 makes it clear that "eligiblity for consideration under 18 U.S.C. § 3582(C)(2) is triggered only by an **amendment** listed in subsection (c) of U.S.S. G. § 1B1.10 that lowers the applicable guideline range. Id.. application note 1. Accordingly, construing this interplay between § 3582(c)(2) and U.S.S.G. § 1B1.10, the Fifth Circuit has held that "Section 3582(c)(2) **applies** only to **amendments** to the Guidelines that operate **retroactively**, as set forth in the Guidelines policy statement, U.S.S.G. §1B1.10(d).

"Whitebird, 55 F.3d at 1009, (citing United States v. Miller, 903 F.2d 341,349 (5th Cir. 1990)). Thus, if an **Amendment** is not specifically listed in U.S.S.G. § 1B1.10(c), a reduction of sentence Under § 3582(c)(2) is not consistent with the **Sentencing Commission's** policy statement. See: United States v. Gonzales-Balderas, 105 F.3d 981, 982 (5th Cir. 1997); United States v. Pardue, 36 F.3d 429, 430 (5th Cir. 1994).

## STATEMENT OF FACTS:

Petitioner Cage was indicted for two criminal charges in Count One and Two within the jurisdiction of the United States District Court for the Eastern District of Louisiana by a Grand Jury charging him with "knowingly and intentionally distributing more than (5) grams but less than (50) grams of cocaine base ("crack"), a Schedule II narcotic drug controlled substance, in violation of Title 21 U.S.C. § Section 841(a)(1) respectively.

Petitioner Cage submits that a reading of his Two Counts Indictment clearly established that he was in fact arrested and indicted for cocaine base (crack) a Schedule II narcotic drug controlled substance that the United States Sentence Commission submitted and enacted **Amendment (9)** upon to reduce the great disparity of crack cocaine/powder cocaine ratio ratio of 100:1.

Therefore, Petitioner Cage respectfully states that his case is that of cocaine base "crack" and that **Amendment (9)** does apply to him for consideration of a two point reduction of his present sentence which was originally imposed by this Honorable Court.

In an effort to follow the law regarding **Amendment (9)**, a defendant attempting to take advantage of the retroactive amendments should proceed with a motion under Title 18 U.S.C. § 3582(c)(2) and although Petitioner Cage is not a skill attorney, hopefully this Honorable Court will accept and grant his motion as a pro-se litigant...

-3-

Petitioner Cage further submits for this Honorable Court's awareness and consideration that after ihs subsequent arrest and being indicted, Petitioner Cage then immediately entered in a Plea Agreement with the government without cause an unnecessary waste of time or public resources. Then, shortly thereafter, this Honorable Court accepted Petitioner Cage's guilty plea during a Rule (11)(c)(1) Hearing and then announced that Sentencing would be set for a later date.

On or about July 11, 2001, Petitioner Cage appeared with counsel for sentencing before this Honorable Court, however, before pronouncing sentencing this Honorable Court, first; adopted the Presentence Report as prepared by the U.S. Probation Office (Officer), second: declared that Petitioner has in fact **accepted responsibility** in a timely manner, and third: imposed a sentence of 160 months upon Petitioner Cage at a Criminal History Category of (5) and a Base Offense Level of (29) within the middle of the guideline after a (3) point reduction for acceptance of responsibility...

### COCAINE BASE AMENDMENT (9):

On May 01, 2007, pursuant to 28 U.S.C § 994(a) and (p), the United States Sentencing Commission (the 'Commission') submitted to Congress amendments to the federal sentenceing guidelines that, **absent** congressional action to the contrary, would and **did** become effective November 01, 2007. **Amendment (9)**, which pertains to offenses involving cocaine base **"crack"** has the effect of lowering the guideline sentencing range for certain categories of offenses as well as offenders.

The crack cocaine amendments adjusts downward by two (2) levels the Base Offense Level assigned to each threshold quantity of crack cocaine listed in the Drug Quantity Table in §2D1.1: "Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession With Intent to Committ These Offense); Attempt or Conspiracy). The amendments assigns, for crack cocaine offenses, base offense levels corresponding to guideline ranges that includes the statutory mandatory minimum penalties for cocaine base.

Accordingly, pursuant to the amendment, five grams of cocaine base are assigned a base offense level of 24 ( 51 to 63 month at Criminal History Category I.

**STATUTORY AUTHORTY:**

The Commission is statutorily authorized to determine whether a guideline amendment that reduces the sentencing range may be retroactively applied. Section 994(u) of Title 28 U.S.C., provides that: "if the Commission reduces the term of imprisonment that is recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced. Furthermore, the sentencing courts are statutorily precluded from applying a guideline amendment retroactively **unless** the Commission has designated such amendment for retroactive application.

**THE U.S. SENTENCING COMMISSION EXPRESSLY
ENACTED AMENDMENT 9 TO BECOME RETROACTIVE
EFFECTIVE MARCH 03, 2008**

**Petitioner** hereby respectfully submits that on or about December 11, 2007, the U.S. Sentencing Commission through a special public hearing on the retroactivity of amendment 9 was held regarding the 100:1 crack cocaine ratio as compared to that of powder cocaine, the U.S. Sentence Commission overwhelmingly voted and enacted the passage of Amendment 9 to be applied retroactively effective March 03, 2008 with the following criteria:

(A). Crack Cocaine was involved in the offense;
(B). The Base Offense Level was greater than level 12;
(C). The Base Offense Level was not level 43.

Crack Cocaine offenders with a base offense level of (12) are **excluded** from eligiblity because under the Drug Quantity Table in USSG §2D1.1 crack cocaine offenders cannot receive a lower base offense level and so are unaffected by the amendment. Offenders sentenced under USSG ¶2D1.1(a)1 with a base offense level of 43, (1) were convicted under 21 U.S.C. § 841(b)(1)(A), ,(b)(1)(B), or (b)(1)(C), or 21 U.S.C. § 960(b)(1), (b)(2), or (b)(3); and (2) the of offense of conviction establishes that death or serious bodily injury resulted from use of the substance and that the defendant committed the offense after one or more prior convictions for a similar offense. Offenders classified as career offenders or armed career offenders (criminals) under USSG § 4B1.1 and § 4B1.4 of the guideline provisions or the applicable Chapter 2 and Chapter 3 guidelines, whichever is higher. Offenders original final offense level was controlled by the career offender or armed career criminal sections of the guidelines, therefore are excluded because the crack cocaine

amendment to the drug guideline will not affact their sentencing range.

## APPLICATION OF AMENDMENT 9 TO PETITIONER

Petitioner hereby submits for this Honorable Court's consideration that Petitioner does not fall within any of the restrictions set-out by the U.S. Sentence Commission on the retroactivity of Amendment 9 and is therefore eligible for reduction of his sentence within the sound discretion of this Honorable Court, as stated and in full accordance with Title 18 U.S.C. § 3582(c)(2) aforementioned.

In contrast Circuit Courts that have addressed this issue in **Booker**, have uniformly ruled that **Booker** does not provide a basis for a sentence reduction under § 3582(c)(2). See: U.S. v. Price, (10th) 438 F.3d 1005, U.S. v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005) (Booker is a Supreme Court decision, not a retroactively applicable guideline amendment (as in the instant case) by the **Sentencing Commission**. **Title 18 U.S.C. § 3582(c)(2)** [] authorizes an inmate to file a motion to reduce a sentence baseed on a subsequent amendment to the guidelines, (as Petitioner's motion), not based on a new case law. U.S. v. Privette, 129 Fed. Appx. 897, 899 (5th Cir. 2005). Petitioner further submits that under the law, this Honorable Court is not required to hold a hearing even if the district court grants a § 3582(c)(2) motion, but should the district court want to it is well within it sound discretion..This Honorable Court can also decide to hold a hearing to consider factors not included in the guidelines and to sentence Petitioner to an even lower sentence than the bottom of the new guideline range suggested.

-7-

## FEDERAL JUDGES ARE NO LONGER BOUND BY 100:1 CRACK/POWDER SENTENCING RATIO

The U.S. Supreme Court issued opinions in a pair of cases on December 10, 2007, just one day before the U.S. Sentence Commission voted and enacted Amendment 9 to apply retroactively effective March 03, 2008 "that indicate that its decision in United States v. Booker, 543 U.S. 220, 76 CrL 251 (2005), countenances a greater degree of disparity in federal sentences than most circuit courts had believed. In one case, **Kimbrough v. United States**, the court held that a district court is **free** to **disagree** with the U.S. Sentencing Guidelines' controversial 100:1 crack to powder ratio and to **impose a below the guideline sentence on that basis**. In the second case, **Gall v. United States**, the court decided that certain rules created by the courts of appeals for reviewing sentences did not give district courts enough latitude to impose sentences outside the ranges recommended by the advisory guideline. (**Kimbrough v. United States**, U.S., No. 06-6330, 12/10/07, and **Gall v. United States**, U.S., No. 06-7949, 12/10/07.

**Crack/Powder Sentencing Ratio:** For example, most of the federal courts that had addressed the issue had held that the district court's newfound discretion to deviate from the sentences recommended by the guidelines did not authorize them to impose non-guidelines sentences solely on the basis of their disagreement with the policy behind he guidelines' 100:1 cocaine sentencing differential. E.g., United States v. Eura, 440 F.3d 625, 78 CrL 630, (4th Cir. 2006).

In an opinion by Justice Ruth Bader Ginsburg, the court held that a below-guideline sentence based on a district court judge's disagreement with the policies behind the 100:1 ratio is not per se "unreasonable". [I]t would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence "greater than necessary" to achieve § 3553(a)'s purposes, even in a mine-run case, the court said. The ratio, like the rest of the guidelines, was rendered advisorty by the decision in Booker, the court concluded.

Notwithstanding the history of Congress's involvement in the cocaine sentencing guidelines, these statutory provisions are sufficient to confer authority upon district judges to deviate from the 100:1 ratio, the Supreme Court decided.

### ADDITIONAL FACTORS THAT MAY JUSTIFY A LARGER REDUCTION OF PETITIONER'S SENTENCE

This Honorable Court may also consider imposing an even lower sentence upon the Petitioner based upon the Petitioner's self imposed determination and efforts to rehabilitate himself while incarcerated in order to become a law abiding and productive citizen by first participating and completing several classes and programs offer by the Bureau of Prisons (BOP), second; by participating and completing a forty (40) hours drug program, in addition to maintaining an outstanding institutional record without any discrepancies or infractions against him as shown by the attached and listed Certificates here-in. "Except for a minor incident".

(1). Official Transcript of G.E.D. Tests Results

(2). Forty Hours of Drug Program

(3). Business Classes

Petitioner Cage has participated and completed many others such classes and programs since his incarceration as shown by the attached data print-out form and is presently awaiting for opening in other new programs. It should be noted that Petitioner Cage's self imposed efforts for rehabilitation was started long before **Amendment (9)** was ever presented, enacted or made retroactive and therefore, Petitioner Cage's efforts to rehabilitate himself should be seriously consider that he has mind set and a determination of not repeating his past mistakes and to become a law abiding and productive citizen as well as continue to farther his education. Petitioner Cage prays that this Honorable Court will accept and grant his pro-se motion for a two (2) point reduction of his sentence from that of a Base Offense Level of 29 in a Criminal History Category (5) of a 160 months sentence, to that of a Base Offense Level of (27) in a Criminal History Category of (5) within a guideline range 120-150 months ofwhich the middle end would be about 135 months..

In addition to a two (2) point reduction in accordance with Title 18 U.S.C.§ 3582(c)(2), this Honorable Court may now also consider and then imposed an even lower sentence upon Petitioner Cage as held in **Kimbrough v. U.S. and Gall v. USS.**, respectively in applicable with Title 18 U.S.C. § 3582(c)(2) as this Honorable Court may deemed that relief is justified in relations to the great disparity of the 100:1 ratio of the crack cocaine/powder

cocaine differential. Now that the U.S. Sentence Commission have acted in a positive manner to reduce crack cocaine/powder cocaine ratio of 100:1 in addition to the U.S. Supreme Court's decisions in **Kimbrough v. U.S., and Gall v. U.S.,**, now criminologists, doctors and other experts are saying publicly "that the difference between the two forms of the drug "crack cocaine/powder cocaine" were in fact largely exaggerated and do not justify the way the law comes down 100 time harder on crack cocaine offenders. It is Petitioner Cage contention and request that this Honorable Court will accept the decisions in **Kimbrough v. U.S., and Gall v. U.S,** as well as the experts' opinions on the matter by granting Petitioner Cage Title 18 U.S.C. § 3582(c)(2) motion and imposing any other lower sentence upon Petitioner Cage as regulated by the authority of of **Kimbrough and Gall** (citation ommitted) issue to all district courts from the United States Supreme Court.

Submitted By:

*[signature: Brian Cage]*
Brian Cage
Pro-Se Litigant

CERTIFICATE OF SERVICE:

I, __BRIAN CAGE_____, pro-se, do hereby certify under the penalty of perjury (28 U.S.C.§ 1746) that I have served a true and correct copy of the following document(s):

"Petition For Reduction of Sentence Pursuant to Title 18 U.S.C. § Section 3582(c)(2) of The November 01, 2007 Amendment (9) Enacted by The U.S. Sentence Commission Regarding Crack Cocaine/Powder 100:1 Disparity And Made Expressly Retroactive on December 11, 2007"

which, pursuant to Houston v. Lack, 487 U.S. 266, 101 L.Ed. 2d 245, 108 S. Ct. 2379 (1988), is deemed filed at the time it was delivered to prison authorities for forwarding to the court(s) and service upon parties to litigation and/or their attorney(s) of record.

I, __BRIAN CAGE_____, have placed the material reference above in a properly sealed envelope with class postage (stamps) affixed and I have addressed it to:

"U.S. Attorney Office
Eastern District of Louisiana
210-B Hale Boggs Fed. Bldg.
500 Poydras Street
New Orleans, LA 70130

and deposited said envelope in the United States Postal Service via the designated prison official <u>hand</u> here at FCC Yazoo City Medium, in Yazoo City, Mississippi, on this __28__, day of __January__, 2008.

Submitted By:

_/s/ Brian Cage_____

# __027285-034_____, Unit __E-1__
FCC Yazoo City Medium
P.O. Box 5888
Yazoo City, Ms. 39194

-12-

