UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NO. 00-330 |
| BRIAN CAGE | SECTION "F" |

### ORDER AND REASONS

Before the Court is pro se petitioner Brian Cage's motion to reduce or dismiss his supervised release term pursuant to 18 U.S.C. § 3583(E)(1). For the reasons that follow, the motion is DENIED.

**Background**

This case arises out of a guilty plea and resulting sentence of imprisonment and supervised release for distribution of cocaine base (crack).

On December 18, 2000, Brian Cage pled guilty to distributing more than 5 but less than 50 grams of crack cocaine in violation of 21 U.S.C. § 841. On July 11, 2001, petitioner was sentenced to 160 months imprisonment, to be followed by five year term of supervised release. On April 30, 2008, this Court reduced the petitioner's sentence to 150 months of imprisonment pursuant to 18 U.S.C. § 3582(c)(2), when the guideline range was lowered and made retroactive for crack cocaine by the United States Sentencing Commission. On November 18, 2011, the petitioner was released from

1

federal custody, but was immediately transferred to state custody where he is currently serving a four year consecutive sentence for a parole violation.

The petitioner now seeks to reduce or dismiss his supervised release pursuant to 18 U.S.C. § 3583(E)(1).

I.

18 U.S.C. § 3583(E)(1) provides that the Court may terminate supervised release "at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such an action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(E)(1).

18 U.S.C. § 3582(c)(2) provides, in part, that the Court may reduce "a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

II.

The petitioner seeks (1) dismissal of supervised release pursuant to 18 U.S.C. § 3583(E)(1), or (2) reduction of supervised release pursuant to 18 U.S.C. § 3582(c)(2). He is entitled to neither.

*A.*

The petitioner first contends that he is entitled to a

termination of supervised release pursuant to 18 U.S.C. § 3583(E)(1). But the petitioner fails to assert any facts or arguments in support of his claim for early termination of supervised release.

The Government counters that the petitioner is not entitled to termination of supervised release pursuant to 18 U.S.C. § 3583(E)(1) because the statute requires that the defendant complete one year of supervised release before becoming eligible for termination of supervised release. Because the petitioner was immediately transferred to state custody after his release, his supervised release has yet to begin; thus, he is not eligible for relief.[1] The Court agrees.

*B.*

The petitioner also requests a reduction of his supervised release term, pointing out that his term of imprisonment was reduced pursuant to 18 U.S.C. § 3582(c)(2). Again, the petitioner fails to assert any facts or arguments in support of his request.

The Government counters that the petitioner is not entitled to a reduction of his supervised release term because 18 U.S.C. §

---

[1] The Court draws attention to the Government's observation that, in light of the petitioner's substantial criminal record, which includes convictions for possession of cocaine, distribution of cocaine, a second conviction for possession of cocaine, and manslaughter, the petitioner should be supervised following his release and will benefit from the programs available to him. The Court agrees.

3582(c)(2) provides only for a reduction in term of imprisonment, not for a reduction in a term of supervised release. The Court agrees. The United States Court of Appeals for the Ninth Circuit, in upholding a district court's denial of an identical request -- motion to reduce supervised release in a crack cocaine case -- observed, "[b]y its plain language, § 3582(c)(2) does not provide for a reduction in the supervised release portion of the sentence." United States v. Island, 336 Fed. Appx. 759, 760-61 (9th Cir. July 14, 2009)(unpublished). Indeed, the plain language of § 3852(c)(2) is clear.

Accordingly, the petitioner's motion to dismiss is DENIED.

New Orleans, Louisiana, July 16, 2012

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE